CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 22 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UHURU-SEKOU OBATAIYE-ALLAH, | ) | CASE NO. 7:14CV00159 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Uhuru-Sekou Obataiye-Allah, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that in December of 2013 and January of 2014, prison officials at Red Onion State Prison housed him under harsh conditions, confiscated his legal mail and other personal property, and falsely convicted and punished him for possessing a weapon in his cell, in violation of his constitutional rights. In his complaint, he seeks compensatory and permanent injunctive relief, related to these events. By separate order, the court has required plaintiff to fulfill prefiling conditions for this civil action.

Now before the court are plaintiff's motions for "T.R.O./Preliminary Injunction" with a memorandum in support (ECF Nos. 4 & 9),[1] alleging that he is currently housed under unconstitutional conditions at Red Onion.[2] Upon review of the record, the court denies these motions.

---

[1] The court will address by separate order plaintiff's third motion for interlocutory injunctive relief, which concerns an upcoming religious fasting period for Nation of Islam inmates. (ECF No. 10.)

[2] Plaintiff is advised that his current submissions do not comply with the court's formatting requirements. Plaintiff must, in all future submissions, leave a one-inch wide, white border all the way around the writing on each page. He should also divide his text into logical, numbered paragraphs of information and should not include any proposed orders.

I.

Early in 2014, officials transferred plaintiff from Red Onion to Sussex I State Prison for a court appearance. On March 19, 2014, plaintiff arrived back at Red Onion and was allegedly placed in a "suicide cell (camera inside of cell)," although he has no pending disciplinary charges. (ECF No. 4, at 1.) Officers confiscated his "medical shoes" and mail, and he was not provided with a confiscation form. (ECF No. 9, 1.) Plaintiff claims that for three weeks, officials allowed him only two showers and provided him with no clean clothes. He also alleges that he has had no outside recreation since March 15, 2014. After officers allegedly "put something" in plaintiff's food on March 27, he "urinated [and] defecated" blood and was in pain for two days without medical care. (ECF No. 9, at 1.)

The warden allegedly ordered on March 26, 2014, that officers search plaintiff's cell every day, which plaintiff calls "harassment to hinder [his] lawsuits." (Id.) Officers have allegedly confiscated and read plaintiff's mail and legal work and have threatened to kill him. Plaintiff alleges that he is in "total isolation" and cannot contact other inmates or family; he allegedly fears that his "mind is deteriorating." (ECF No. 4, at 2.) He states that he has no access to the telephone and his outgoing, personal mail is being held.

The warden allegedly told plaintiff that he was being housed under these conditions because he is accused of trying to have the warden and other prison officials killed and is being investigated for possible criminal charges. Plaintiff states that he "fears for his life" and is considering a hunger strike, because he would "rather die not eating than to be killed." (ECF No. 4, at 3.)

Plaintiff seeks interlocutory injunctive relief ordering officials to stop searching his cell, confiscating his legal mail, interfering with his meals, withholding his medical shoes, and

2

threatening him. He also seeks an order directing officials to transfer him to a non-isolation setting where he can have showers, exercise, and clothes or to transfer him to another prison.

II

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003). Plaintiff's motions for interlocutory injunctive relief about current conditions at Red Onion do not belong in this lawsuit. These motions do not allege facts indicating that any of the potential harms he seeks to prevent arise directly from the past wrongs he has claimed against the defendants in this case, regarding events in December and January. Rather, plaintiff here alleges new claims about living conditions to which he has been subjected since March 19, 2014. Therefore, his motions for interlocutory relief, as submitted in this case, must be denied.

Moreover, plaintiff's allegations do not demonstrate grounds for interlocutory relief in any case. Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "[1] that he is likely to succeed on the merits; [2] he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] an injunction is in the public interest."[3] Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting

---

[3] Plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. Because it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. 575 F.3d at 347.

Plaintiff alleges, at most, that he has temporarily lost various privileges while under criminal investigation. He does not allege facts indicating any harm he has suffered as a result of the cell searches, the confiscation of his mail, or the lack of showers, medical shoes, or recreation. He also does not state facts indicating any likelihood that he will suffer any irreparable harm in the future without court intervention. His assertions that officers tainted his food, that his mind is deteriorating in the isolation cell, or that officers will kill him are not supported by factual matter, and his own fears and speculation about such potential harms are not sufficient to warrant the extraordinary form of relief he seeks. Therefore, the court will deny plaintiff's motions for interlocutory injunctive relief.[4] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 22nd day of April, 2014.

Chief United States District Judge

---

[4] The court also does not find it appropriate to construe plaintiff's present submissions as motions to amend in this case, because the alleged claims concern completely different time periods and officials. Therefore, to add these claims to the present case would not comport with Rules 18 and 20 of the Federal Rules of Civil Procedure. Under Rule 18(a), which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. As stated, plaintiff's current submissions do not comply with these rules.

Plaintiff is advised that if he believes these recent events of which he complains have violated his constitutional rights, he may raise such claims in a new and separate civil action under § 1983. Such a complaint must comply with the Federal Rules of Civil Procedure, including Rules 18 and 20. The complaint must be signed under penalty of perjury, must name individual officials as defendants, and must state facts concerning the conduct each defendant has allegedly taken in violation of plaintiff's constitutional rights. His current submissions do not meet these requirements.