
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UHURU-SEKOU OBATAIYE-ALLAH, | ) | CASE NO. 7:14CV00159 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at Red Onion State Prison used excessive force and subjected him to harsh living conditions in December of 2013 and January of 2014. Now, plaintiff seeks to amend this complaint with claims concerning other issues and events completely unrelated to the original complaint. As to two of these proposed amendments concerning plaintiff's religious diet and an upcoming religious feast, plaintiff has also filed motions for interlocutory injunctive relief. Because these claims for relief are either without merit or are not properly raised in this pending lawsuit, the court finds that the motions to amend and for interlocutory injunctive relief must be denied.

Plaintiff offers four proposed amendments to his complaint. First, he seeks to add a challenge to the Red Onion policy that requires inmates to ask supervisory officials for inmate complaint forms (ECF No. 8-1, pp. 1-2.) This amendment must be denied, because it is futile. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988). It is well established that inmates have no constitutional right to a prison grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, an inmate's

dissatisfaction with the manner in which prison officials choose to operate a grievance procedure does not state a claim of constitutional significance so as to be actionable under § 1983. The court will not allow plaintiff to amend this action with a claim that has no merit on its face.

In his second proposed amendment, plaintiff wants to add a claim concerning officials' use of a dog to maintain order during an incident on August 26, 2012 (ECF No. 8-1, pp. 3-4.) This event is completely separate and occurred more than a year earlier than the events on which plaintiff's original complaint is based. To add it to the present lawsuit falls afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure, governing joinder of claims and parties.[1] Therefore the court denies this amendment. If plaintiff wishes to pursue a lawsuit about this 2012 incident, he must do so by filing a new and separate action, on a separate complaint form signed under penalty of perjury.

Plaintiff also seeks to amend to add two new claims concerning prison officials' attempts to accommodate his Nation of Islam ("NOI") religious practices. In one proposed amendment (ECF No. 8-1, pp. 5-6), he raises several complaints about the meals served to him during past celebrations of the annual NOI month of fasting. Plaintiff also moves for interlocutory injunctive relief to prevent problems during this year's fast, which begins on June 28, 2014 (ECF No. 10). In addition, plaintiff seeks to add a claim that the Common Fare Diet provided to NOI inmates in the Virginia Department of Corrections includes foods prohibited by the NOI religion and should be revised to correct this defect (ECF No. 8-2, pp. 7-9). Plaintiff also seeks

---

[1] Under Rule 18(a), which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a *single* defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. As stated, plaintiff's current submissions do not comply with these rules.

preliminary injunctive relief regarding these diet issues (ECF Nos. 8-2 and 8-3).[2]

Again, these new claims arise from transactions and events entirely separate from those events raised in plaintiff's initial complaint. The amendment also involves defendants not identified as having any involvement in the claims raised in the underlying complaint. Because the amendments thus seek to bring claims not properly joined to plaintiff's original claims, in violation of Rules 18 and 20, the court denies the amendment as to both claims.

For a similar reason, plaintiff's motions for preliminary injunctive relief related to these misjoined new claims are not properly before the court in this case. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003). The injunctive relief plaintiff seeks regarding his religious diet and feast day are not directed toward preventing potential harms that would result from the wrongs claimed in the original complaint. Therefore, the court denies plaintiff's motions for interlocutory injunctive relief regarding his religious beliefs (ECF No. 8 and 10). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of May, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

---

[2] Plaintiff's current submissions are not signed under penalty of perjury, do not identify specific defendants to the religious diet claims, and do not state facts concerning defendants' actions or omissions in violation of his rights. Therefore, the court will not construe these submissions as new § 1983 complaints.

3